LEUSINK, Plaintiff and Respondent, vs. O'DONNELL and another, Defendants and Appellants: SPIELMACHER and another, Defendants and Respondents.

*October 3—November 8, 1950.*

For the appellants there were briefs by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

For the respondent Gerrit J. Leusink there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Harry F. Knipp,* all of Janesville.

For the respondents Allen Spielmacher and Allstate Insurance Company there was a brief by *Garrigan, Keithley, O'Neal, Mills & Dobson* of Beloit, and oral argument by *Roger D. O'Neal.*

HUGHES, J.   We are of the opinion that the trial court correctly held that the evidence sustained the verdict of the jury that defendant O'Donnell's employee was guilty of causal negligence. As Crisman approached the intersection he was traveling forty miles per hour.  When four hundred feet away he observed Spielmacher; he did not again look in that direction until it was too late to act.  If he had made proper observation of the Spielmacher car as it approached the stop sign, he could have ascertained that it was not slowing down; and while he might not have been able to avoid the first collision, ordinary care would have required him to reduce his own speed so as to avoid becoming a menace to traffic approaching from the opposite direction.

The testimony that Spielmacher had knowledge of the defective condition of his brakes, although he said he never had experienced total failure before, presented a jury question of gross negligence.  His plea of guilty, while it may not be conclusive proof of recklessness, is a matter for the jury to consider in connection with the explanation which he offered of his reasons for entering the plea.  The trial court erred in failing to submit the question of gross negligence.

All parties concede that the plaintiff was not negligent. They raise no question that the damages awarded by the jury were excessive, so there appears to be no need for a new trial on the question of damages.

*By the Court.*—Judgment reversed and cause remanded with instructions to grant a new trial on all issues except the question of damages.